IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION



06 MAY 15 PM 1:55

Ohio Legal Rights Service

    Plaintiff,

v.

St. Vincent Family Centers, Inc.

    and

Michelle Ward, in her Capacity as
President/CEO of St. Vincent Family
Centers, Inc.;

    Defendants.

Case No: **C2 06 356**

Complaint for Declaratory
and Injunctive Relief

**JUDGE FROST**

JUDGE

**MAGISTRATE JUDGE ABEL**

Magistrate Judge

## COMPLAINT

### Introduction

1. This is an action to seek immediate injunctive relief against the defendants, who are and operate a community mental health treatment center, for violation of Ohio Legal Rights Service (OLRS)' federal statutory right of access as the protection and advocacy system created by Congress under the PAIMI Act, 42 U.S.C. §§ 80801 et seq. and Chapter 5123.60 of the Revised Code to interview a patient of defendant, John Doe, with severe mental illness who has been determined to have been subjected to abuse while at the defendant facility.

2. The defendants' refusal to grant the plaintiff access to John Doe interferes with the plaintiff's authority under the PAIMI Act to "investigate incidents of abuse and neglect of individuals with mental illness" and to "have access to facilities in the State providing care or treatment." 42 U.S.C. § 10805(a)(1)(A) and (a)(3).

**Jurisdiction and Venue**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the plaintiffs claims arise under federal statute: 42 U.S.C. § 10805; and to plaintiffs supplemental state law claim pursuant to 28 U.S.C. § 1367.

4. In addition, this Court has jurisdiction over the plaintiffs claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in the Southern District of Ohio, Eastern Division, because the defendants are located in this district within the meaning of 28 U.S.C. § 1391 and because the events. acts, and omissions giving rise to the plaintiffs claims occurred in this district.

## PARTIES

**Plaintiff**

6. The plaintiff, OLRS, is an agency of the state of Ohio, chartered by statute at Ohio Revised Code § 5123.60.

7. The plaintiff, pursuant to its statutory charter. is independent of the executive branch and the Attorney General.

**8.** The plaintiffs offices are currently located at 8 East Long Street: Suite 500, Columbus, Ohio 43215.

9. The plaintiff is designated by the Governor as the protection and advocacy (P & A) system for the state of Ohio for people with mental illness under the PAIMI Act, 42 U.S.C. §§ 10801 et seq.

10. In its capacity under Ohio law. the plaintiff is to advocate and protect the rights of mentally ill persons. O.R.C. § 5123.60.

11. In its capacity under the PAIMI Act. the plaintiff is authorized to conduct investigations of abuse and neglect. 42 U.S.C. § 10805(a)(1)(A) and (a)(3).

**Defendants**

12. The defendant St. Vincent Family Centers, Inc. (St. Vincent) is a not for profit corporation created under and governed by the laws of the state of Ohio.

13. St. Vincent is located at 1490 East Main Street, Columbus, Ohio 43205.

14. On information and belief, St. Vincent provides mental health treatment for individuals with mental illness including John Doe.

15. On information and belief, St Vincent is a "facility" within the meaning of the PAIMI Act, specifically is a "community facility for individuals with mental illness." 42 U.S.C. § 10802(3).

16. St. Vincent provides services to individuals under Chapter 5119 of the Revised Code and is a contract agency of a community mental health board under Chapter 340 of the Revised Code.

17. The defendant Michelle Ward is the executive director and CEO of St. Vincent.

**Facts**

18. On or about May 8th, 2006, OLRS was informed by fax transmission from the Ohio Department of Mental Health that John Doe had been found to have been subjected to two incidents of abuse on the premises of St. Vincent that had been substantiated by the Franklin County Children's Service Board.

19. On May 9th, 2006- OLRS assigned Investigator Mr. Patrick Washburn to investigate the two incidents of substantiated abuse.

20. On May 10th, 2006: Mr. Washburn visited St. Vincent and began his initial investigation.

21. During his initial investigation, Mr. Washburn learned that one incident involved a staff member of St. Vincent and the other incident involved a Columbus Public Schools employee who was on-site at St. Vincent.

22. St. Vincent permitted Mr. Washburn to review certain requested documents and staff orally discussed the two incidents: however, St. Vincent denied Mr. Washburn access to other requested documents.

23. Mr. Washburn returned to the OLRS office to discuss the denial of access to documents.

24. On May 11th, Mr. Washburn telephoned staff at St. Vincent to request access to meet with John Doe at a time that would minimally interfere with his mental health program or school.

25. Later on May 11th, Ms. Darla White: LPCC, Chief Clinical Officer of St. Vincent, called Mr. Washburn and informed him that John Doe was not available.

26. During that conversation, Ms. White told Mr. Washburn that John Doe was off-site with his mother.

27. Mr. Washburn requested the mother's contact information at which point Ms. White told Mr. Washburn that she would have to speak with legal counsel.

28. On May 12th, 2006, Mr. Washburn received a voice message from Ms. White stating that on advice of legal counsel OLRS would not be granted access to meet with John Doe until legal counsel advises otherwise.

29. On May 12th, 2006, Mr. Washburn called Ms. White and informed her that he would be on-site at 9AM on Monday, May15th, 2006 to interview John Doe and if John Doe is on-site and not made available. OLRS will consider this a denial of access under the PAIMI Act.

30. On the morning of May 15th, 2006, Mr. Washburn again attempted to meet with John Doe.

31. The defendants again denied Mr. Washburn access to John Doe.

32. Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF

### First Cause of Action

33. The plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-32 above.

34. 42 U.S.C. § 10805(a)(1)(A) provides the plaintiff with "authority to . . . investigate incidents of abuse and neglect of individuals with mental illness."

35. 42 U.S.C. § 10805(a)(3) mandates that the plaintiff shall "have access to facilities in the State providing care or treatment."

36. On information and belief, John Doe is an individual with a mental illness as set forth in 42 U.S.C. § 10802(4).

37. 42 C.F.R. § 51.4(b) states: "The P&A system shall have reasonable unaccompanied access to residents at all times necessary to conduct a full investigation of an incident of abuse or neglect. This authority shall include the

5

      opportunity to interview any facility service recipient, employee, or other persons, including the person thought to be the victim of such abuse, who might be reasonably believed by the system to have knowledge of the incident under investigation. Such access shall be afforded. upon request, by the P&A system when:

      (1) An incident is reported or a complaint is made to the P&A system . . . "

38.    42 C.F.R. § 51.43 states: "If a P&A system's access to facilities, programs, residents or records covered by the Act or this part is delayed or denied, the P&A system shall be provided promptly with a written statement of reasons, including, in the case of a denial for alleged lack of authorization, the name, address and telephone number of the legal guardian, conservator, or other legal representative of an individual with mental illness. Access to facilities, records or residents shall not be delayed or denied without the prompt provision of written statements of the reasons for the denial."

39.    The defendants' action refusing to permit the plaintiff to meet with John Doe and in refusing to provide the contact information for John Doe's mother are in violation of the plaintiffs rights under 42 U.S.C. § 10805(a)(1)(A) and (a)(3) and federal regulations found at 42 C.F.R. §§ 51.42-43.

**Second Cause of Action**

40.    The plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1-39 above.

41.    John Doe receives services from the defendants pursuant to Chapters 5119 and 340 of the Revised Code within the meaning of O.R.C. § 5123.60(E)(4).

42.    Under O.R.C. § 5123.60(E)(4), the plaintiff is entitled to ready access to John Doe.

43. The defendants' action refusing to permit the plaintiff to meet with John Doe and in refusing to provide the contact information for John Doe's mother are in violation of the plaintiffs rights of ready access under O.R.C. § 5123.60(E)(4).

## **RELIEF**

Wherefore, the plaintiff prays that this Court issue an order:

1. Enjoining the defendants from failing to grant the plaintiff immediate unaccompanied on-site access to John Doe.
2. Declaring that defendants' refusal to grant the plaintiff the requested meeting with John Doe to have been in violation of the PAIMI Act, 42 U.S.C. § 10805(a)(1)(A) and (a)(3) and federal regulations found at 42 C.F.R. §§ 51.42-43 and O.R.C. § 5123.60.
3. Awarding the plaintiff its costs and reasonable attorneys' fees and such other relief as this court shall deem reasonable and proper

Respectfully submitted,

OHIO LEGAL RIGHTS SERVICE

*[signature]*

John R. Harrison (0065286)
jharrison@olrs.state.oh.us
Trial Attorney for Plaintiff

*[signature]*

Ronald L. Smith (0017024)
rsmith@olrs.state.oh.us
Of Counsel

8 East Long Street, 5th Floor
Columbus, Ohio 43215-2999
(614) 466-7264
Fax: (614) 644-1888